UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 08-352-C

YANCY A. DAVIS,            PLAINTIFF,

V.           **MEMORANDUM OPINION AND ORDER**

FORD MOTOR COMPANY,           DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant's motion to dismiss (R. 8), the plaintiff's motion to amend complaint (docketed as a response to the defendant's motion to dismiss) (R. 9), and the defendant's motion for summary judgment (R. 11).

I.    Background

The plaintiff was an employee of the Ford Motor Company ("Ford"). He brings the instant action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. He alleges that the defendant wrongfully failed to promote him.

To bring a Title VII action, the plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and have received from the EEOC a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5. If a plaintiff wishes to file a law suit, he must do so within ninety days of receipt of the EEOC's notification. *See* 42 U.S.C. § 2000e-5(f)(1). The defendant filed a motion to dismiss the complaint as untimely. The plaintiff, who represents himself in this action, did not file a response but did file a motion to amend his complaint,

specifically requesting permission to amend the date listed in the complaint as the date he received the EEOC letter. The defendant filed a reply and included in the reply a motion for summary judgment, based on recently discovered evidence that the plaintiff had signed an agreement with the defendant company waiving his right to bring a claim. The plaintiff did not respond to the motion for summary judgment.

## II.  Legal Standard

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party can satisfy its burden by demonstrating an absence of evidence to support the non-movant's case. *Id*. at 324-25. To survive summary judgment, the non-movant must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-movant must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56(e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A court cannot grant a motion for summary judgment simply because it is unopposed. *See Rance v. Datavantage, Corp.*, No. 06-CV-335, 2008 WL 1899986

(N.D. Ohio April 28, 2008) (citing *Sutton v. United States*, 1991 WL 590, at *2 n. 1 (6th Cir. 1991)). Rather, the court must examine the motion to determine whether the moving party has satisfied its burden. *Id.* However, "the trial court is under no obligation to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* (quoting *In re St. Clair Clinic, Inc.*, 1996 WL 6531, at *2 (6th Cir.1996)). The court may rely upon the facts presented by the moving party. *See id.* (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-05 (6th Cir. 1992)).

## III.  Analysis

The defendant maintains that it is entitled to summary judgment because the plaintiff signed an agreement with the Ford in which he waived his right to pursue the instant claims.

According to evidence submitted by the defendant, on September 25, 2008, the plaintiff signed an agreement entitled "Special Termination of Employment Program Application and Waiver Agreement." *See* R.11. The defendant attached a copy of the agreement to its motion. *See* R.11, exhibit 3. The agreement, in pertinent part, provides:

> I have received the Description and Administrative Procedure of the STEP ["Special Termination of Employment Program"], which I have read and understood. I have decided voluntarily to terminate my employment under the terms and conditions of the STEP. In consideration of the benefits to be provided as described in the

>summary, I waive and release any and all rights or claims I may have against the Ford Motor Company, its affiliates or subsidiaries, their agents or employees in their individual or fiduciary capacities and the employee benefit plans sponsored by the Company, (collectively the Released Parties), and agree not to institute any proceedings of any kind against the Released Parties relating in any way to my employment or termination of my employment, provided, however, I do not waive my rights or claims under the Age Discrimination in Employment Act.

*Id.*

The phrase "I waive and release any and all rights or claims I may have against the Ford Motor Company" is broad and includes the plaintiff's present Title VII claim. The agreement further provides that the waiver does not include claims that arise after the signing of the agreement. The instant claims arise from events in 2007, before this agreement was signed on September 25, 2008. *See* Plaintiff's Complaint, R. 1. Therefore the waiver encompasses the plaintiff's instant claims and the court next must consider whether the agreement is valid.

"The validity of waivers of federal causes of action is governed by federal law, and [the court] 'examine[s] waivers of employee rights under normal contract principles.'" *Sako v. Ohio Dept. of Administrative Servs.*, 278 Fed. App'x 514, 517 (6th Cir. 2008) (quoting *Shaheen v. B.F. Goodrich Co.*, 873 F.2d 105, 107 (6th Cir.1989)). "Properly executed waivers of possible employment-related discrimination claims knowingly and voluntarily made between an employee and his employer will be enforced absent the typical exceptions for fraud, duress, lack of consideration or mutual mistake." *Shaheen*, 873 F.2d at 107.

The defendant asserts that this waiver was signed voluntarily. The

4

agreement itself recites that it was signed voluntarily after careful review of the agreement's terms. The plaintiff has made no filing that controverts the defendant's assertion that he signed the agreement voluntarily, and so no dispute exists as to this fact. *See Ruekert v. City of Flint*, 997 F.Supp. 856, 863 n.7 (E.D. Mich. 1998) ("The Sixth Circuit has long held that . . . where the plaintiff's version of the facts is not presented in any deposition or affidavit on file, no issue of fact is deemed to exist and summary judgment is proper."). Furthermore, the agreement is also signed by "Barry Ford," who is identified as the "Local UAW Representative." Given the presence of the signature of the Union's local representative, the plaintiff had any assistance from the Union that he might have required. The assistance of the Union representative is further support that the plaintiff's waiver was made knowingly and voluntarily. *See Sako*, 278 Fed. App'x at 518-19 (upholding employee's waiver of employment discrimination claim, where employee argued waiver was not knowing and voluntary due, in part, to his limited understanding of English, and noting district court's finding significant the presence of union representative at signing).

The court next must determine whether any of the "typical exceptions" to contract enforcement exist. The defendant characterizes the plaintiff's waiver as having been made "[i]n exchange for a lump sum payment by Ford." R. 11, p. 2. From the court's reading of the agreement, the plaintiff was not guaranteed a STEP payment but only the opportunity to be considered for a STEP payment. The

agreement begins with the words, "I hereby make application for the Special Termination of Employment Program (STEP) for which I may be entitled. I understand that filing this application does not constitute assurance that a STEP payment will be paid." R. 11, exhibit 3.  Therefore, the consideration provided for the plaintiff's agreement is Ford's allowing him to apply for a STEP payment, not the actual payment of such.

Although this exchange is different from an automatic payment of a lump-sum payment, it still operates as consideration for the plaintiff's waiver. *See Lindlay v. Raydore*, 239 F. 928, 935 (D.C. Ky. 1917) (observing "[t]hat $1 is a sufficient consideration to render valid a contract . . . is as well settled as can be"). Furthermore, and importantly, the plaintiff has made no showing to the contrary. *See* 3 Williston on Contracts, § 7.11 (4th. ed.) (discussing general principle that production of written instrument that "presumes or imports" consideration is a prima facie showing of an enforceable contract"). Nor has the plaintiff argued that he did not sign the agreement, that he signed it under duress, or that his signature was obtained fraudulently.  The court concludes, based on the evidence before it, that the plaintiff validly waived his right to bring the instant claims.  Given this resolution of the defendant's motion for summary judgment, the court will not reach the defendant's motion to dismiss or the plaintiff's responsive motion to amend the complaint.[1]

---

[1] The defendant asserts in its motion to dismiss that the plaintiff's complaint is untimely.  As discussed above, the plaintiff was required by statute to file the

6

IV. Conclusion

Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (R. 11) is **GRANTED**.

This fourth day of March, 2009.

*[signature]*
Jennifer B. Coffman, Judge
United States District Court

---

instant action within ninety days of receipt of the Notice of Right to Sue letter from the EEOC. The plaintiff represented in his complaint that he received the letter from the EEOC on April 2, 2008. He filed his complaint with this court on July 2, 2008. As defendant points out, the plaintiff therefore filed his complaint ninety-one days after receipt of the letter.

In his motion to amend, the plaintiff states, "The mail date on my original complaint was 2/4/2008. The document was mail[ed] out from the EEOC office on the 4 day of February 2008. I received it on the 6th day of February 2008. Therefore I did not use the full 90 days." This information further confuses the issue, as the EEOC letter is dated April 2, 2008. It seems likely that the plaintiff has transposed the "2" and "4," as the letter itself shows that it was mailed on "4/2/2008" not "2/4/2008." The letter was clearly not mailed on February 4, 2008. The defendant pointed out the impossibility of the plaintiff's new time-line in its reply.

The plaintiff has made no further filing to correct any error. While the plaintiff may have made a mistake and meant that he received the letter on *April 6th*, the court cannot guess about something as important as the date of receipt and accompanying failure or compliance with the statute's ninety-day requirement. However, given the court's resolution of the defendant's motion for summary judgment, it is not necessary for the court to resolve this discrepancy.